Mr. Justice Scott delivered the opinion of the Court. It is conceded in this case-that it was not incumbent upon the State to establish the precise value of the horse in question, as laid in the indictment; but it is insisted that there is no evidence in the record to prove any value at all, and therefore the verdict and judgment are unsustained. It is true that there is no evidence of value in express terms; but there certainly is evidence going to, establish facts, on which the jury might have reasonably found the main fact of value by the common process of ascertaining one fact from the existence of another, so common in the ordinary affairs of human life. • The accused declared that he had borrowed the horse, and also that he had stolen him. It would be out of the common course of human affairs, cither for a man to borrow a horse that was totally valueless, or for a thief to encumber himself with such an animal. The circumstance that one witness got another to go with him on atrip of over one hundred miles “to hunt the horse,” immediately after he was missing, was one, in connexion with others, from which value was legitimately inferable. Men do not usually go off on such trips "(in general expensive) without some strong motive, and if the horse was of no value, they went on a bootless errand, both as to the horse and the supposed thief, who in that case had committed no larceny. And the like ground of inference for the jury is presented in the fact shown in evidence that the horse had traveled from Sevier county into Scott, a distance of about one hundred and thirty-six miles, and was traveled back again into Sevier county, by the witnesses, the next morning after the capture of the accused. Upon applying their knowledge and experience to these facts and circumstances, so shown in evidence, the jury, in their sphere unlimited by any boundaries but those of truth in the ascertainment of facts from evidence, might have well found the horse in question of some value, according to the convictions of their own understanding. And we think that some of the decisions of this court, as well as decisions elsewhere, warrant us in refusing to disturb the verdict and judgment. In the case of Walker v. The State, (4 Ark, R. 89,) which was a larceny case, this court held that “the presumption is in favor of the verdict,” and that, unless the record affirmatively overthrows this presumption in such a manner as to show that manifest wrong aud injustice has been done, the verdict ought not to be disturbed. In the gaming case of Stevens v. The State, (3 Ark. R. 66,) the objection was taken that the evidence in the record failed to show that the playing was for money or any valuable thing, but this court held that, as the evidence in that case showed “that the accused sat behind a table commonly called a faro table, dealing or drawing out cards from a box and using pieces of bone for carrying on the game — although no money was used, nor did the witness know whether he was playing for money or amusement— a conviction on this evidence should not be disturbed,” because the jury had the right to infer, by applying to this evidence “their experience” and knowledge in the manner of conducting such games, that the checks were valuable or represented money. In that case, like the case at bar, there was no evidence of value in express terms, but that essential ingredient in the of-fence proceeded for, was ascertained by the jury from the existence of other facts shown in evidence. So in the case of John Cummings v. The Commonwealth, (2 Virginia Cases 128,) in a prosecution for the larceny of a bank noto, proof that the accused “passed it away as genuine,” was held not only sufficient evidence of value, but of the other- essential ingredient of the offence, that the note was genut^ti>n objection taken to the testimony as insufficient to show tij^@'two essentials. And if thq jury in the case 'atibar'' ¡ptffieved from the the testimony, as we think they werjj 4®thof¡||pd to believe, that the accused dealt with the horse ijj'IjNbstioiI as a valuable horse, this case comes up in principle to the Virginia case. Wp feel no difficulty in sustaining this verdict and judgment, especially as the necessity of showing the value of the stolen property does not exist to the same-extent in this State, where, under our statute, the distinction between grand and petit larceny is not regarded as it is elsewhere. Let the judgment be affirmed with costs.